**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Angelo Leo,<br>Plaintiff,<br>v.<br>Salita Promotions Corp.,<br>Defendant. | Case No. 2:26-cv-02391-APG-NJK<br>**Order**<br>[Docket No. 21] |

Pending before the Court is a proposed discovery plan seeking a discovery period of 240 days measured from Defendant's anticipated response to Plaintiff's First Amended Complaint on October 30, 2026. Docket No. 21. The presumptively reasonable discovery period is 180 days from the date the first defendant answered or otherwise appeared. LR 26-1(b)(1). In this case, that date is September 3, 2026. Docket Nos. 7, 8. The parties, therefore, are requesting a discovery period of 298 days. The parties submit that they request additional time because the case involves "personnel in Michigan, Georgia, New York, and Las Vegas. The parties anticipate depositions and third-party discovery to take place in various states, potentially requiring travel." Docket No. 21 at 2.

The Court finds that the parties have not sufficiently justified the lengthy discovery period they request. The Court will, however, grant an additional 30 days to the presumptively reasonable discovery period.

## I. CASE MANAGEMENT DEADLINES

The Court **SETS** case management deadlines as follows:

- Initial disclosures: November 11, 2026
- Amend pleadings/ add parties: January 4, 2027
- Initial experts: January 31, 2027

- Rebuttal experts: March 2, 2027
- Discovery cutoff: April 1, 2027
- Dispositive motions: May 3, 2027
- Joint proposed pretrial order: June 2, 2027, or 30 days after resolution of dispositive motions

The case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation.

## II. DISCOVERY MOTIONS

Seeking judicial intervention on discovery disputes is *strongly discouraged*. The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice. Such motion practice must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere effort to do so. The parties and counsel are warned that there is a presumption that reasonable expenses—including attorneys' fees—will be awarded to the victor of a discovery motion. The Court will not hesitate to impose such awards as warranted given their intended deterrent purpose.

Discovery motions must be filed without undue delay. In addition, absent unusual circumstances, the Court will not consider discovery motions filed more than 14 days after the discovery cutoff.

## III. LATER-APPEARING PARTIES

Any later appearing party must serve initial disclosures within 21 days of that party's first appearance in the case. The case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court.

. . . .

. . . .

. . . .

## IV. CONCLUSION

The pending discovery plan is **GRANTED** as stated above.

IT IS SO ORDERED.

Dated: October 28, 2026

Nancy J. Koppe
United States Magistrate Judge